UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOORAJ A. NAKHEI,<br>        Petitioner,<br>    v.<br>T. FOSS,<br>        Respondent. | Case No. 19-cv-04604-RS (PR)<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from a prison disciplinary decision. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Respondent shall file a response to the petition on or before **February 24, 2020**, unless an extension is granted.

**<u>This Court may lack jurisdiction over the petition.</u>** It appears the disciplinary decision was voided. If this means the lost time credits were restored, petitioner's sentence is unaffected and therefore no habeas action will lie. Furthermore, the voiding of the disciplinary decision may have cured any due process violation. If respondent concludes the Court lacks jurisdiction, he may file a motion to dismiss on such grounds.

## BACKGROUND

According to the petition, in 2016 petitioner's jailors at Pleasant Valley State Prison found him guilty of possessing a dangerous weapon. (Pet., Dkt. No. 1 at 38.) As punishment, petitioner lost time credits, but it is not clear how many. The initial disciplinary decision states 360 days, which appears to have been reduced later to 181. (*Id.* at 38 and 59.) Petitioner says it was two years. (*Id.* at 2.)

The Court may lack jurisdiction because it appears that in 2019, the rules violation report was "voided in the interest of justice." (*Id.* at 71.) It is not clear whether the lost credits were restored.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims his due process and equal protection rights were violated. When liberally construed, these allegations state claims for relief. His claim that the "constructive possession" theory of liability is unconstitutional is DISMISSED. There is no federal law or constitutional right to be free from the use of this theory of liability. While not a separate claim, his contention that constructive possession is insufficient evidence of possession can be considered part of his due process claim.

The Court may lack jurisdiction over this case for two reasons. First, if the credits were restored (and therefore the length of petitioner's sentence is unaffected), there is no viable habeas suit here. If habeas relief will not "necessarily lead to immediate or speedier release," no federal habeas claim lies. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). There would be no case or controversy within the meaning of Article III of the Constitution. Furthermore, no claim will lie on the premise that an expunged disciplinary decision might affect parole.

Second, the voiding of the decision may have cured any due process violation. *See Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996) ("[T]he [administrative] reversal of the case against Wycoff constituted part of the due process Wycoff received, and it cured the alleged due process violation based on the [prison] disciplinary committee's initial decision to sanction Wycoff.")

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition (Dkt. No. 1) and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **February 24, 2020**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **February 24, 2020**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to

ORDER TO SHOW CAUSE
CASE NO. 19-cv-04604-RS
3

Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 1.)

**IT IS SO ORDERED.**

**Dated:** December 12, 2019

_____
RICHARD SEEBORG
United States District Judge

ORDER TO SHOW CAUSE
Case No. 19-cv-04604-RS
4